IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BARBARA SUE WILLIAMS,   §<br>  §<br>   Plaintiff,  §<br>  §<br>v.   §<br>  §<br>NANCY A. BERRYHILL,   §<br>Acting Commissioner of the Social  §<br>Security Administration,   §<br>  §<br>   Defendant.   § | Civil Action No. 4:17-cv-00046-Y-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE AND NOTICE AND ORDER**

Plaintiff Barbara Sue Williams ("Williams") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA") and for supplemental security income ("SSI") under Title XVI of the SSA. ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned RECOMMENDS that Senior United States District Judge Terry Means AFFIRM the Commissioner's decision.

**FINDINGS AND CONCLUSIONS**

**I.   STATEMENT OF THE CASE**

Williams protectively filed for DIB and SSI on September 5, 2013, alleging that her disability began on August 20, 2013. (Transcript ("Tr.") 18). The Commissioner initially denied her claim on December 19, 2013 and denied it again on reconsideration on April 4, 2014. (Tr. 18). Williams requested a hearing, which was held before Administrative Law Judge ("ALJ") William

Helsper on March 25, 2015 in Fort Worth, Texas, with Williams and her attorney present. (Tr. 17-18). The ALJ issued his decision on April 24, 2015, finding that Williams was not disabled. (Tr. 15, 18).

Specifically, the ALJ employed the statutory five-step analysis and established during step one that Williams had not engaged in substantial gainful activity since August 20, 2013, the alleged disability onset date. (Tr. 20). At step two, the ALJ determined that Williams had the severe impairment of diabetes mellitus with neuropathy. (Tr. 20). At step three, the ALJ found that Williams did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Pt. 404(p). (Tr. 22). In particular, the ALJ concluded that Williams retained the residual functional capacity ("RFC") to perform a full range of sedentary work as defined in 20 C.F.R. § 404.1567(a) and § 416.967(a). (Tr. 22). At step four, the ALJ decided that Williams could not perform past relevant work. (Tr. 25). And at step five, the ALJ found that there were a significant number of jobs in the national economy that Williams could perform. (Tr. 26).

The Appeals Council denied review on November 23, 2016. (Tr. 1). Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II.     FACTUAL BACKGROUND

According to Williams' pleadings, testimony at the administrative hearing, and the administrative record, Williams was 57 years old on the alleged disability onset date, and 59 years old at the time of the administrative hearing. (Tr. 26, 35). She completed a high-school education.

(Tr. 35). Her employment history included work as a cashier. (Tr. 25). Williams asserts that her physical impairments render her disabled under the SSA. (Tr. 162, 168).

### III.  STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as a "medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months" that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be presently working at any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1527. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see Stone v. Heckler*, 752 F.2d 1099, 1100-03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to her past relevant work. 20 C.F.R. § 404.1520(e). Fifth, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. *Crowley v. Apfel*, 197 F.3d 197, 197-98 (5th Cir. 1999); 20 C.F.R. § 404.1520(f). "The claimant

bears the burden of showing that [she] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Before proceeding to steps four and five, the Commissioner must assess a claimant's RFC—"the most [a claimant] can still do despite [her] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1).

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). "It is more than a mere scintilla and less than a preponderance." *Id.* "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### IV.   ANALYSIS

Williams raises three issues on appeal. She claims (1) that the ALJ failed to properly evaluate her mental impairment, (2) that the ALJ erred in determining her RFC, and (3) that the Appeals Council failed to properly consider the medical opinion of Dr. Jack Bentham.

4

### A. The ALJ Properly Considered Williams' Mental Impairment.

Williams contends that the ALJ improperly determined that she did not have a severe mental impairment and that the ALJ's RFC determination was deficient as a result. (Plaintiff's Brief ("Pl.'s Br.") at 7-9). Williams' argument on this issue is based on the ALJ's determination that her "medically determinable mental impairment of affective disorder does not cause more than minimal limitation in [her] ability to perform basic mental work activities and is therefore nonsevere." (Tr. 20). The ALJ expressly stated that the limitations analysis at Step 2 is used only to rate the severity of Williams' mental impairments at Steps 2 and 3, and is not an RFC assessment. (Tr. 22). Williams concedes that the ALJ applied the appropriate legal standards, but submits that the ALJ's finding is unsupported by substantial evidence. (Pl.'s Br. at 1, 7).

The ALJ's determination that Williams' mental impairment is nonsevere is supported by substantial evidence in the record—evidence that the ALJ explicitly cited to and evaluated in rendering his severity finding. (Tr. 20-22). In June 2011, Williams underwent a psychiatric evaluation with Elma G. Granado, M.D. (Tr. 523). Dr. Granado noted that Williams' mood was depressed, her depression severity was minimal, she had full affect, and she was alert and oriented. (Tr. 521). Dr. Granado further reported that Williams' thought processes were logical, structure was concrete, and associations were intact. (Tr. 521). In June and July 2013, Kenneth A. Mair, M.D. noted that Williams reported good stability with the medication she was taking for depression. (Tr. 506, 509). In September 2013, Williams was seen at the Mental Health Mental Retardation (MHMR) of Tarrant County, and her records reflect that she stated that when she was on medication for her mental impairment, she felt better and was able to keep a job. (Tr. 546). In November 2013, Williams reported that she was applying for jobs, doing well on medication, and more committed than ever to compliance with mental health treatment. (Tr. 610). Williams was

again seen at MHMR of Tarrant County in January 2014. (Tr. 600). Her medical progress notes reflect that she reported depression issues as a result of being unable to work and frustration with temporary work that did not result in permanent work. (Tr. 601). Williams stated that her medication worked "really well" and Douglas Segars, D.O. reported that Williams was pleased with her medication and would continue as prescribed. (Tr. 601, 603). The objective medical evidence does not establish that the ALJ erred in determining that Williams' mental impairment was nonsevere.

The ALJ also analyzed the four functional areas known as the Paragraph B criteria, set out in the disability regulations for evaluating mental disorders and in Section 12.00C of the Listing of Impairments. (Tr. 21). The ALJ noted that Williams had only mild limitations in daily living, social functioning, and concentration, persistence or pace, and had experienced no episodes of decompensation that have been of extended duration. (Tr. 21). Although Williams argues that other evidence in the record supports her assertion that her mental impairment is severe, her "burden is not to highlight evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision." *Caldwell v. Colvin*, No. 4:15-CV-00576-O-BL, 2016 WL 3621097, at *3 (N.D. Tex. June 10, 2016), *report and recommendation adopted,* No. 4:15-CV-576-O, 2016 WL 3523780 (N.D. Tex. June 28, 2016). Williams' disagreement with the ALJ's severity finding does not carry her burden of establishing that no substantial evidence supports the ALJ's determination.

To the extent that Williams contests the ALJ's assignment of "little weight" to the opinions of the State agency consultants, "ALJs 'are not bound by any findings made by State agency medical or psychological consultants.'" *Andrews v. Astrue*, 917 F. Supp. 2d 624, 638 (N.D. Tex. 2013) (quoting 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i)). It was solely within the ALJ's

province to resolve any conflicts in the evidence, including medical opinions. *Newton v. Apfel*, 209 F.3d 448, 457 (5th Cir. 2000). Although Williams asserts that the ALJ failed "to consider the significant functional limitations described by the treating sources and the State agency medical consultants[,]" the record reflects that the ALJ gave little weight to the opinions of the State agency consultants because medical evidence did not support the purported limitations. (Tr. 25). Williams does not identify any treating source opinion describing significant functional limitations that the ALJ failed to consider. (*See* Pl.'s Br. at 9). Substantial evidence supports the ALJ's determination that Williams' mental impairment was nonsevere.

### B. The ALJ Properly Determined Williams' RFC.

Williams next argues that the ALJ did not establish "a medical basis" for his RFC determination and "created his own." (Pl.'s Br. at 10). Williams' argument on this issue is based on her contention that "the ALJ rejected all of the medical opinion evidence of record [and] he was not free to substitute his own medical judgment for that of either the treating or evaluating physicians." (Pl.'s Br. at 10-11). Williams' argument contravenes well-established law.

"The responsibility for determining a claimant's RFC lies with the ALJ . . . [and] the ALJ must discuss the claimant's ability to perform sustained work activity on a regular and continuing basis and resolve any inconsistencies in the evidence." *Ewing v. Colvin*, No. 4:13-CV-085-A, 2014 WL 2464765, at *4 (N.D. Tex. June 2, 2014) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990); SSR 96–8p, 1996 WL 374184 at *7). Moreover, "[t]he ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record." *Id.* (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). Instead, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts

7

(e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations) . . . ." SSR 96-8p, 1996 WL 374184 at *7.

The ALJ so did. "The record indicates that the ALJ used the medical information provided by [Williams] to determine [her] residual functional capacity for work[; u]nder the regulations and [Fifth Circuit] case law, the determination of residual functional capacity is the sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). "What [Williams] characterizes as the ALJ substituting his opinion [for that of treating physicians or State agency consultants] is actually the ALJ properly interpreting the medical evidence to determine [her] capacity for work." *Id.* Williams' assertion that the ALJ's RFC determination is not supported by substantial evidence on this basis is inapposite.

**C.    The Appeals Council's Subsequent Denial Does Not Present Reversible Error.**

Finally, Williams argues that the Appeals Council failed to properly evaluate and consider the medical opinion of Jack Bentham, Ph.D., who reviewed the record of evidence before the ALJ and issued his own opinion. (Pl.'s Br. at 11-13). The Appeals Council stated that it had reviewed Dr. Bentham's submission, but that the information relates to a later time and does not affect the disability determination as of April 24, 2015. (Tr. 2). As Williams correctly notes, Dr. Bentham reviewed the evidence that was submitted to the ALJ and that predated April 24, 2015. (Pl.'s Br. at 11-12). Williams asserts that, as a result, "this Court should remand this matter to the Appeals Council with instructions to properly evaluate the medical opinion evidence of record, including the opinion of Dr. Jack Bentham." (Pl.'s Br. at 13). However, the Appeals Council's denial of Williams' request for review on these grounds does not present reversible error.

New evidence submitted to the Appeals Council is considered part of the record on which the Commissioner's final decision is based. *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th

8

Cir. 2005). "A court considering that final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are supported by substantial evidence, and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported." *Lee v. Astrue*, No. 310-CV-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010) (citing *Higginbotham v. Barnhart*, 163 F. App'x. 279, 281-82 (5th Cir. 2006)). Here, Dr. Bentham's opinion does not dilute the record to such an extent that the ALJ's decision becomes insufficiently supported and does not establish materiality requisite for remand—otherwise stated, a "reasonable possibility that [the evidence] would have changed the outcome of the Secretary's determination." *See Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)); *Juarez v. Colvin*, No. CV H-15-1736, 2016 WL 7369128, at *16 (S.D. Tex. Nov. 30, 2016), *report and recommendation adopted,* No. CV H-15-1736, 2016 WL 7337974 (S.D. Tex. Dec. 19, 2016) ("A court has the power to 'order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'").

Dr. Bentham neither treated nor examined Williams. Instead, he reviewed Williams' claim file, consisting of the evidence before the ALJ, at the request of her attorney and filled out an "Impartial Psychological Expert Interrogatories" with his opinion of functional limitations present from August 20, 2013 through the date of his opinion. (Tr. 8-11). Dr. Bentham's conclusions—that Williams' mental impairment was severe and that Williams had functional limitations as a result of a mental impairment—were the same as those of the State agency consultants, which were given "little weight" by the ALJ as inconsistent with the objective medical evidence in the record. (Tr. 25). "[T]he newly submitted [opinion] largely confirm[s] the evidence already contained in

9

the record." *Whitehead v. Colvin*, 820 F.3d 776, 780 (5th Cir. 2016); *see also Whitener v. Colvin*, No. CV 15-3504, 2017 WL 650443, at *11 (E.D. La. Jan. 19, 2017), *report and recommendation adopted,* No. CV 15-3504, 2017 WL 636175 (E.D. La. Feb. 16, 2017) ("Cumulative evidence is not 'new' evidence."). Dr. Bentham's opinion does not dilute the record to such an extent as to render the ALJ's decision unsupported by substantial evidence and does not here require remand.

## V. CONCLUSION

The ALJ properly considered Williams' mental impairments and properly determined Williams' RFC. Substantial evidence supports the Commissioner's decision.

## RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Judge Means AFFIRM the Commissioner's decision.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party shall have until **July 13, 2017** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

Signed June 29, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

11